cal_____

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY BERNARD BARNO,<br><br>           Petitioner,<br>v.<br><br>ROBERT J. HERNANDEZ, Warden,<br><br>           Respondent. | Civil No.08cv2439 WQH (AJB)<br><br>**REPORT AND RECOMMENDATION DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**<br>**[Doc. No. 8]** |

     Petitioner, Rodney Bernard Barno, a state prisoner proceeding *pro se* and *in forma pauperis*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Concurrently, Petitioner also filed a motion for stay and abeyance while his currently filed state court habeas petition is being decided. On January 30, 2009, Petitioner filed a motion for temporary restraining order and preliminary injunction enjoining Respondent from denying him access to the prison law library and the right to free duplication of legal documents. He also seeks updated legal materials.

**Background**

    On December 31, 2008, the Petitioner filed his habeas petition in this Court concurrently with a motion to stay his federal petition. [Doc. Nos. 1 and 2.] In an Order dated January 9, 2009, the Court set a briefing schedule for the motion to stay, requiring the Respondent to file a response on or before February 9, 2009, and stating that the Petitioner *may* file a reply on or before February 23, 2009. [Doc. No. 4.]

1     On January 24, 2009, Petitioner attempted to access the law library. (Barno Decl. at 1.) Officer
2 Hodge told him the law library was full and denied him access. (*Id*.) Petitioner was then able to access
3 the library by waiving down an inmate worker who let him in. (*Id.*) He claims that Officer Hodge lied
4 because the library was not full. (*Id.*) After he signed in, Petitioner presented Librarian K. Sterling with
5 this Court's Order setting the briefing schedule for the motion to stay [Doc. No. 4] to obtain a Judicial
6 Exception ("JE") status to be given priority use of the law library. (*Id.*) The librarian said Petitioner did
7 not have a "valid" or "verified" court deadline and denied him access as a JE status inmate. (Barno
8 Decl. at 2.) Petitioner claims that he should have been granted JE status because his deadline of
9 February 23, 2009 to file his reply with regard to the motion to stay was within 30 days from the date of
10 his request for JE status on January 24, 2009.

## Discussion

12     On January 30, 2009, Petitioner filed a motion for injunctive relief requesting access to the law
13 library. [Doc. No. 8.] In his motion, the Petitioner is requesting the Court issue injunctive directing
14 prison officials to grant him: 1) access to the law library; and 2) judicial exception status or "JE status"
15 which would give the Petitioner priority use of the legal library at R.J. Donovan Correctional Facility.
16 In his motion, the Petitioner also contends that the law library is in adequate because it does not have
17 updated legal materials and that he was wrongful denied "free copies" which should have been provided
18 due to his indigent status. (Barno Decl. at 2.)

**A.     Petitioner's Request for Injunctive Relief**

20     Rule 65(b) of the Federal Rules of Civil Procedure allows the Court to issue a temporary
21 restraining order. The Court can issue a temporary restraining order if the moving party has shown
22 either "(1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the
23 existence of serious questions going to the merits and the balance of hardships tipping in [the moving
24 party's] favor." *Oakland Tribune, Inc. v. Chronicle Publishing Company, Inc.*, 762 F.2d 1374, 1376 (9th
25 Cir.1985), *quoting Apple Computer, Inc. v. Formula International*, Inc., 725 F.2d 521, 523 (9th
26 Cir.1984). The two formulations represent two points on a sliding scale with the focal point being the
27 degree of irreparable injury shown. *Oakland Tribune*, 762 F.2d at 1376. "Under either formulation of the
28 test, plaintiff must demonstrate that there exists a significant threat of irreparable injury." *Id.* In the

absence of a significant showing of irreparable injury, the Court need not reach the issue of likelihood of success on the merits. *Id.*

### 1. Access to the Courts

#### a. Stage of Litigation

In the leading case on the right of access, the Supreme Court states that its "main concern" was " 'protecting the ability of an inmate to prepare a petition or complaint.' " *Bounds*, 430 U.S. at 828 n. 17, 97 S. Ct. at 1498 n. 17 (*quoting Wolff*, 418 U.S. at 576, 94 S. Ct. at 2984) (emphasis added). Other portions of the Court's discussion in *Bounds* also indicate that the Court did not intend to expand the right of access past the pleading stage. According to the Court, a law library or legal assistance was necessary to formulate "a habeas corpus petition or civil rights complaint. " 430 U.S. at 825, 97 S.Ct. at 1496-97 (emphasis added).

Considering the Supreme Court's discussion in *Wolff* and *Bounds*, the Ninth Circuit concluded that the Supreme Court has clearly stated that the constitutional right of access requires a state to provide a law library or legal assistance only during the pleading stage of a habeas or civil rights action. *See Cornett v. Donovan*, 51 F.3d 894, 898 (9th Cir. 1995). The Supreme Court has delineated the stages of litigation for which the right of access requires assistance and as such, this Court is not free to expand the scope of the right beyond these limits. Since the Petitioner was attempting to research and file a reply with regard to his motion to stay the instant federal petition, this falls outside the scope of the right of access to the courts set forth by the Supreme Court.

#### b. Proving an Access to the Courts Violation

Even if the Petitioner's reply were to fall within the scope of the right of access to the court, which it does not, to establish a violation of this right, the Petitioner must allege facts sufficient to show that: (1) a nonfrivolous legal attack on his conviction, sentence, or conditions of confinement has been frustrated or impeded, and (2) he has suffered an actual injury as a result. *Lewis v. Casey*, 518 U.S.343, 353-55 (1996). The prisoner must demonstrate that he has suffered or will imminently suffer actual injury. *Lewis v. Casey*, 518 U.S. 343, 348, 116 S. Ct. 2174, 2179, 135 L. Ed.2d 606 (1996). "An inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is sub-par in some theoretical sense." *Id.* at 348. The inmate must show that the

library "hindered his efforts to pursue a legal claim." *Id.* An "actual injury" is defined as "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Id.* at 348; *see also Vandelft v. Moses*, 31 F.3d 794, 796 (9th Cir. 1994); *Sands*, 886 F.2d at 1171; *Keenan v. Hall*, 83 F.3d 1083, 1093 (9th Cir. 1996).

In the instant case, the Petitioner sought injunctive relief on January 30, 2009, when the Respondents' opposition to his motion to stay was not due until February 9, 2009. The Petitioner's denial of access to the law library on January 24, 2009 fails to present an actual injury or prejudice to the Petitioner because the Petitioner had already filed his motion to stay. As such, any additional research for the optional reply would not be necessary until after the Respondents' had filed their opposition on February 9, 2009. The premature nature of the Petitioner's request for injunctive relief is further demonstrated by the fact that the Respondents did not file an opposition on February 9, 2009, but instead filed a request for a 30 day extension of time, making Respondent's opposition due March 9, 2009.

### 2.     Free Duplication

Petitioner claims Respondent has denied him "free copies" of legal documents even though he is indigent. The California Code of Regulations provides that "Inmates shall be required to pay for the duplication of printed forms and other written or typed materials, . . . required for mailing to the courts. An inmate who is without funds for 30 days or more after such materials and services are provided shall not be required to pay for the cost of those materials and services." Cal. Code Regs. tit. 15, § 3162(a). Petitioner has not provided sufficient proof of his financial situation that he is entitled to "free copies" pursuant to Cal. Code Regs. tit. 15, § 3162(a). Accordingly, the Court denies Petitioner's motion for temporary restraining order and preliminary injunction for the right to duplicate legal documents without charge.

### 3.     Updated Legal Material

Petitioner argues that the materials in the law library is dated. Here, Petitioner has failed to provide any evidence that he has been denied the access to court guaranteed by Bounds and Lewis. Plaintiff has failed to show how these dated books resulted in any "actual injury." As set forth above, "[a]n inmate cannot establish relevant actual injury simply by establishing that his prison's law library or

legal assistance program is sub-par in some theoretical sense." *Lewis v. Casey*, 518 U.S. 343, 348 116 S. Ct. 2174, 2180, 135 L. Ed.2d 606 (1996).

### **Conclusion**

For the reasons set forth above, the Court hereby recommends Petitioner's motion for temporary restraining order and preliminary injunction be DENIED.  This Report and Recommendation will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1) (1988). Any written objections to this Report and Recommendation must be filed with the Court and a copy served on all parties ***on or before March 2, 2009***.  The document should be captioned "Objections to Report and Recommendation." Any reply to the objections shall be served and filed ***on or before March 16, 2009.***  The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of this Court's order. *See Turner v. Duncan,* 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

DATED:  February 10, 2009

_____
Hon. Anthony J. Battaglia
U.S. Magistrate Judge
United States District Court