1

2

3

4

5

6

7

8    **UNITED STATES DISTRICT COURT**

9    **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   RODNEY BERNARD BARNO,                    CASE NO. 08cv2439 WQH (AJB)

12                          Petitioner,        **ORDER**

         vs.
13   ROBERT J HERNANDEZ,

14                          Respondent.

15   HAYES, Judge:

16        The matters before the Court are the Motion for Temporary Restraining Order and

17   Preliminary Injunction (Doc. # 8) filed by Petitioner Rodney Barno, and the Report and

18   Recommendation (Doc. # 13) filed by Magistrate Judge Anthony J. Battaglia.

19                                    **Background**

20        On December 31, 2008, Petitioner initiated this action by filing the petition for writ of

21   habeas corpus pursuant to 28 U.S.C. section 2254 (Doc. # 1).  On December 31, 2008,

22   Petitioner also filed a motion to stay (Doc. # 2) the habeas proceedings to permit Petitioner to

23   exhaust his claims.  On January 9, 2009, the Magistrate Judge set a briefing schedule for the

24   motion to stay, which required Respondent to file a response on or before February 9, 2009,

25   and stated that Petitioner may file a reply on or before February 23, 2009 (Doc. # 4).

26        On January 30, 2009, Petitioner filed the Motion for Temporary Restraining Order and

27   Preliminary Injunction ("Motion for TRO").  Petitioner contends that he attempted to gain

28   access to the law library in order to meet the February 23, 2009 deadline to file his reply, but

                                          - 1 -                        08cv2439 WQH (AJB)

1   was denied access.  Petitioner requests a temporary restraining order permitting him access to

2   the law library and the courts.  In the Motion for TRO, Petitioner also contends that the law

3   library is inadequate because it does not have updated legal materials, and that he was

4   wrongfully denied free copies, which should have been provided due to his indigent status.

5           On February 10, 2009, the Magistrate Judge issued an order granting Respondent's and

6   Petitioner's motions for extension of time (Doc. # 14), which provided that Respondent shall

7   file an opposition to the motion to stay on or before March 9, 2009, and that Petitioner may file

8   a reply to the opposition on or before March 23, 2009.

9           On February 10, 2009, the Magistrate Judge issued the Report and Recommendation

10  ("R&R"), which recommended that this Court deny the Motion for TRO. The R&R stated that

11  the "constitutional right of access requires a state to provide a law library or legal assistance

12  only during the pleading stage of a habeas or civil rights action."  *R&R,* p. 3.   The R&R

13  concluded that "[s]ince the Petitioner was attempting to research and file a reply with regard

14  to his motion to stay the instant federal petition, this falls outside the scope of the right of

15  access to the courts." *Id.*  The R&R further concluded that Petitioner failed to show that he has

16  suffered or will suffer actual injury.  The R&R reasoned that Petitioner's request for injunctive

17  relief, filed on January 30, 2009, was premature because "any additional research for the

18  optional reply would not be necessary until after the Respondents had filed their opposition on

19  February 9, 2009." *Id.* at 4.  The R&R concluded that "Petitioner has not provided sufficient

20  proof of his financial situation that he is entitled to 'free copies' pursuant to Cal. Code Regs.

21  tit. 15, § 3162(a)." *Id.*  The R&R concluded that Petitioner's argument that the materials in

22  the law library are dated is without merit because "Petitioner has failed to provide any

23  evidence that he has been denied [] access to court." *Id.*   Based on the foregoing, the R&R

24  recommends that this Court deny the Motion for TRO.  The R&R states that any objections

25  to the R&R must be filed on or before March 2, 2009, and that any reply to the objections shall

26  be filed on or before March 16, 2009.

27

28

1    On February 24, 2009, Petitioner filed objections to the R&R (Doc. # 17). Petitioner

2 contends that he has stated a valid claim for denial of access to the courts because "the

3 preparation and filing of a reply to the respondent's motion to dismiss petitioner's 'stay and

4 abeyance' is a very crucial stage for this case." *Objections,* p. 1. Petitioner also objects to the

5 R&R's conclusion that the Motion for TRO was premature because "the prison law library

6 does not provide sufficient time to conduct adequate legal research." *Id.* at 2. Petitioner

7 contends that he "need not show actual injury as he . . . will . . . suffer . . . injury . . . if he fails

8 to properly challenge his motion for 'stay and abeyance.'" *Id.* at 3. With respect to his claim

9 regarding free copies, Petitioner contends that he did not provide a copy of his trust statement

10 because it was not available, and states: "Petitioner can make an offer of proof he is without

11 funds." *Id.* at 4. Petitioner "objects to the recommendation he be denied relief do to failing

12 to show injury as a result of outdated books" because "Petitioner need not show actual injury,

13 but imminent injury." *Id.*

14    Respondent has not filed any objections to the R&R or any reply to Petitioner's

15 objections.

16                                          **Applicable Law**

17    The duties of the district court in connection with the Report and Recommendation of

18 a Magistrate Judge are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28

19 U.S.C § 636(b). The district judge "must make a de novo determination of those portions of

20 the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in

21 part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b). The

22 district court need not review *de novo* those portions of a Report and Recommendation to

23 which neither party objects. *Wang v. Masaitis*, 416 F.3d 992, 100 n. 13 (9th Cir. 2005); *United*

24 *States v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc).

25    Rule 65(b) of the Federal Rules of Civil Procedure provides that a court may issue a

26 TRO without notice to the adverse party where "specific facts in an affidavit or a verified

27 complaint clearly show that immediate and irreparable injury, loss, or damage will result to the

28 movant . . . ." FED. R. CIV. P. 65(b). Regardless of notice to Defendant, the standard for

1    issuing a TRO is similar to the standard for issuing a preliminary injunction, and requires that

2    the party seeking relief show either "(1) a combination of likelihood of success on the merits

3    and the possibility of irreparable harm, or (2) that serious questions going to the merits are

4    raised and the balance of hardships tips sharply in favor of the moving party." *Homeowners*

5    *Against the Unfair Initiative v. Calif. Building Industry Assoc.*, Civil No. 06CV152 JAH

6    (WMc), 2006 U.S. Dist. LEXIS 97023, *4 (S.D. Cal. Jan. 26, 2006) (citing *Immigrant*

7    *Assistance Project of the L.A. County of Fed'n of Labor v. INS*, 306 F.3d 842, 873 (9th Cir.

8    2002)).  "[T]hese two formulations represent two points on a sliding scale in which the

9    required degree of irreparable harm increases as the probability of success decreases." *Dep't*

10   *Parks & Rec. of Calif. v. Bazaar Del Mundo, Inc.*, 448 F.3d 1118, 1123 (9th Cir. 2006)

11   (citations omitted).  The underlying purpose of a temporary restraining order is to preserve the

12   status quo and prevent irreparable harm before a preliminary injunction hearing may be held.

13   *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439

14   (1974); *see also Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1130-31 (9th Cir. 2006).

15                                        **Ruling of the Court**

16          The Court has reviewed the R&R and the portions to which Petitioner objected de novo.

17   The Court concludes that the Magistrate Judge correctly concluded that Petitioner has not

18   shown that he has been denied access to the law library in violation of his constitutional rights,

19   and that Petitioner has not demonstrated that he has been denied the right to free copies of legal

20   documents.   As the moving party, it is Petitioner's burden to establish the likelihood of

21   success on the merits of his claim.  The Court concludes that Petitioner has not demonstrated

22   that he is likely to succeed on the merits of these claims or that serious questions going to the

23   merits are raised.  Furthermore, the Magistrate Judge has granted Petitioner's request for an

24   extension of time  to file a reply to the motion to stay.  The Court concludes that Petitioner has

25   not demonstrated the possibility of irreparable harm or that the balance of hardships tips in his

26   favor.  After reviewing the equities in this case, the Court concludes that Petitioner has not met

27   his burden of establishing a combination of likelihood of success on the merits and the

28   possibility of irreparable harm, or that serious questions going to the merits are raised and the

1   balance of hardships tips sharply in favor Petitioner.  The Court has reviewed the entire record,

2   and concludes that Petitioner has failed to demonstrate that he is entitled to a temporary

3   restraining order under either test applied in the Ninth Circuit.

4           IT IS HEREBY ORDERED that the Report and Recommendation (Doc. # 13) is

5   **ADOPTED**, and the Motion for Temporary Restraining Order and Preliminary Injunction

6   (Doc. # 8) is **DENIED.**

7   DATED:  March 17, 2009

8                                          **WILLIAM Q. HAYES**

9                                          United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28