cal_____

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RODNEY BERNARD BARNO, | ) | Civil No.08cv2439 WQH (AJB) |
| Petitioner, | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **DENYING PETITIONER'S MOTION** |
| ROBERT J.  HERNANDEZ, Warden, | ) | **FOR STAY AND ABEYANCE** |
| Respondent. | ) | [Doc. No. 2.] |
| | ) | |

Petitioner Rodney Bernard Barno, a state prisoner proceeding *pro se* and *in forma pauperis*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  Concurrently, Petitioner also filed a motion for stay and abeyance while his currently filed state court habeas petition is being decided.  On March 12, 2009, Respondent filed an opposition.  On March 23, 2009, Petitioner filed a reply.  After a review of the moving papers, the opposition, the reply and all supporting documents, the Court RECOMMENDS that the motion for stay and abeyance be DENIED.

**Background**

On December 1, 2004, Petitioner was convicted of two counts of stalking in violation of California Penal Code section 646.9(a); seven counts of criminal threats in violation of California Penal Code section 422; one count of vandalism in violation of California Penal Code section 594(a)(b)(1); and eight misdemeanor offenses.  (Pet. at 2.)  On February 22, 2005, Petitioner was sentenced to fifty years to life.  (Id. at 1.)  The California Court of Appeal affirmed the conviction on May 17, 2007.  (Id.

1

1   at 2.)  On August 8, 2007, the California Supreme Court denied his petition for review.  (Id.)  Petitioner

2   filed a petition for writ of certiorari in the United States Supreme Court and the Court denied his petition

3   for writ of certiorari on January 7, 2008.  (Pet., Attach. 2.)

4          On December 31, 2008, Petitioner filed a petition for writ of habeas corpus in this Court.  In his

5   petition, he asserts the following eleven claims: 1) the prison term of fifty (50) years to life under the

6   three strikes law violated Petitioner's right to a jury trial; 2) jury instruction error that permitted use of

7   domestic violence propensity evidence to find Petitioner guilty of all charged offenses violated his due

8   process rights; 3) trial court error in admitting evidence of uncharged criminal acts; 4) trial court error in

9   admitting evidence of an unauthenticated repair bill violating Petitioner's right to confront under the

10  Sixth Amendment; 5) insufficient evidence to support criminal threats convictions in counts 6 and 7; 6)

11  trial court error when it failed to instruct on accomplice liability; 7) cumulative error rendered the trial

12  fundamentally unfair; 8) newly discovered evidence makes a compelling showing of Petitioner's factual

13  innocence; 9) ineffective assistance of counsel when counsel failed to investigate, to object, and to call

14  witnesses, argued against client to the jury and failed to preserve issues for appeal; 10) prosecutorial

15  misconduct when it used false and perjured testimony; 11) cumulative effect of trial counsel's error

16  violated Petitioner's right to effective assistance of trial counsel.  (Id. at 6- 9www.)

17         Petitioner concedes that claims eight to eleven of the federal Petition are not exhausted.  (Id.)

18  On December 29, 2008, Petitioner filed a petition for writ of habeas corpus with the California Superior

19  Court, case no. HC 19506, attempting to exhaust clams eight to eleven.  Along with his federal Petition,

20  Petitioner filed a motion to stay and abey his petition while he exhausts claims eight, nine, ten and

21  eleven in state court.  Respondent filed an opposition arguing that he failed to demonstrate good cause to

22  stay the petition as required by Rhines v. Weber, 544 U.S. 269 (2005).

23                                              **Discussion**

24  **A.    Legal Standard**

25         The United States Supreme Court adopted the rule of "total exhaustion," requiring all claims in a

26  habeas petition be exhausted before a federal court can act on the petition.  Rose v. Lundy, 455 U.S.

27  509, 522 (1982).  Subsequent to, and in light of the Supreme Court's total exhaustion requirement,

28  Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), with a one year

1   statute of limitations for the filing of federal petitions.  28 U.S.C. § 2244(d)(1).  The statute of limita-

2   tions set forth in § 2244(d), however, is tolled during the pendency of a properly filed application for

3   State post-conviction or other collateral review.  See Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir.

4   1999).

5          As a result of the combination of the two provisions, petitioners are strongly encouraged to seek

6   relief for their claims from the state courts before filing a federal petition, because those petitioners who

7   proceed to federal court with mixed petitions run the risk of forever losing the opportunity for any

8   federal review of their unexhausted claims.  See Rhines v. Weber, 544 U.S. 269, 275 (2005).  Petitioners

9   who choose to file mixed petitions are left with two options, withdrawing the unexhausted claims and

10  proceeding only on exhausted claims or dismissing the entire mixed petition and returning to federal

11  court with a new petition once all claims are exhausted in state court.  Calderon v. District Court

12  (Taylor), 134 F.3d 981, 986 (9th Cir. 1998); see also James v. Giles, 221 F.3d 1074, 1077-78 (9th Cir.

13  2000).

14         In Rhines v. Weber, the Supreme Court held that district courts have limited discretion to hold in

15  abeyance a mixed habeas petition, that is, one containing both exhausted and unexhausted claims, in

16  order to permit a petitioner to return to state court to exhaust additional claims while the federal

17  proceedings are stayed.  Rhines, 544 U.S. at 277.  The Supreme Court concluded that the stay-and-

18  abeyance procedure should only be available in limited circumstances, when the district court

19  determines: 1) there is good cause for the petitioner's failure to exhaust his claims first in state court; 2)

20  the unexhausted claims are not meritless; and 3) the petitioner has acted with reasonable diligence to

21  exhaust the unexhausted claims.  Id. at 277-78.  If a district court is presented with a mixed petition and

22  determines that the stay-and-abeyance procedure is inappropriate, the court should allow the petitioner

23  to delete the unexhausted claims if dismissal of the entire petition would unreasonably impair the

24  petitioner's right to obtain federal relief.  Lundy, 455 U.S. at 522.

25  **B.      Motion for Stay and Abeyance**

26         Petitioner contends that good cause exists for the Court to grant his motion for stay and abeyance

27  because of his lack of education and legal training, the scarcity of relevant legal materials in the prison

28  library, limited access to the law library, having a difficult time obtaining facts and witnesses while in

1  custody and lack of funds to retain an investigator or lawyer.  (Mot. at 3.)  He also argues that his

2  unexhausted claims have merit.

3         District Courts have held that lack of legal knowledge and literacy do not establish good cause

4  under <u>Rhines</u>.  <u>See</u> <u>Smith v. Giurbino</u>, 2008 WL 80983 (S.D. Cal. 2008); <u>Calvert v.  Daniels</u>, 2006 WL

5  2527639 (E.D. Wash. 2006), <u>Riseley v. Warden, Pleasant Valley State Prison</u>, 2006 WL 1652657 (E.D.

6  Cal. 2006); <u>Hughes v. Idaho State Bd. of Corrections</u>, 800 F.2d 905, 909 (9th Cir. 1986) (holding that

7  literacy does not establish "good cause" under procedural default).  Therefore, Petitioner's argument

8  that his lack of education and legal training are good cause under <u>Rhines</u> fails.

9         Petitioner makes conclusory allegations that he had limited access to the library and there was a

10  scarcity of relevant legal materials in the library.  "[T]he Constitution does not guarantee a prisoner

11  unlimited access to a law library." <u>Lindquist v. Idaho State Bd. of Corrections</u>, 776 F.2d 851, 858 (9th

12  Cir. 1985).  Prison officials are permitted to regulate the time, place, and manner in which prison library

13  facilities are used. <u>Id.</u>  In addition, a district court has held that limited access to the law library to one to

14  two times per week for two years does not constitute good cause for failure to exhaust.  <u>Smith</u>, 2008 WL

15  80983; <u>but see</u> <u>Wilson v.  Horel</u>, 2008 WL 5188761 (N.D. Cal.  2008) (prison riots that disrupted

16  petitioner's access to the law library constituted good cause).  Petitioner has not shown how he had

17  limited access to the library or what specific legal materials he needed that was lacking.

18         Petitioner also claims that he has had a difficult time obtaining facts and witnesses while in

19  custody and lacked funds to retain an investigator or lawyer.  Petitioner presents a conclusory argument

20  without any factual support explaining why or how it was difficult to obtain facts and witnesses and why

21  he needed an investigator or lawyer.  Accordingly, this argument fails to show good cause under <u>Rhines</u>.

22         Petitioner argues that the unexhausted claims have merit.  The Court cannot make a determina-

23  tion on whether the claims have merit or not because his additional evidence are referenced in the

24  petition and motion for stay and abeyance through numerous exhibits; however, he has failed to attach

25  the exhibits to the petition and the motion for stay and abeyance.

26         Lastly, Petitioner has failed to demonstrate that he acted diligently to exhaust these claims

27  between when his petition for writ of certiorari to the United States Supreme Court was denied on

28  January 7, 2008 and when he filed his federal petition on December 31, 2008.  It appears the factual

08cv651

1    predicate of the unexhausted claims of ineffective assistance of counsel, his "newly" discovered

2    evidence of factual innocence and prosecutorial misconduct has been know to the Petitioner since his

3    direct appeal was completed on January 7, 2008.  He has not explained why this additional evidence was

4    not available at the time of trial and only discovered near the expiration of the statute of limitations date.

5

6         Moreover, Petitioner will not be barred from returning to this Court because the statute of

7    limitations has not run on his federal petition.  In the Ninth Circuit, the period of "direct review" in 28

8    U.S.C. § 2244(d)(1)(A) includes the ninety-day period within which a petitioner can file a petition for a

9    writ of certiorari regardless of whether the petitioner seeks such review.  Bowen v. Roe, 188 F.3d 1157,

10   1158-59 (9th Cir. 1999).  The AEDPA one-year limitations period is tolled during the period of time a

11   petitioner seeks post-conviction relief in state court.  28 U.S.C. § 2244(d)(2).  Tolling begins "from the

12   time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final

13   collateral challenge."  Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).  Statutory tolling was

14   invoked when Petitioner filed his state court petition on December 29, 2008.

15        Petitioner filed a petition for writ of certiorari before the United States Supreme Court which

16   was denied on January 7, 2008.  Therefore, the statute of limitations began to run on January 8, 2008.

17   Petitioner filed his petition for writ of habeas corpus in state court on December 29, 2008.  Over 11

18   months ran on his statute of limitations and 11 days remain.  Therefore, once he completes his round of

19   state habeas petitions, Petitioner can promptly file a petition for writ of habeas corpus in this Court.

20   Since the Petitioner has failed to meet the requirements set forth in Rhines, and will not be statutorily

21   barred from re-filing in this Court, the Court finds that the stay-and-abeyance procedure is inappropriate

22   and therefore **RECOMMENDS** that Petitioner's motion for stay and abeyance be **DENIED**.

### Conclusion

23

24        For the reasons set forth above, the Court hereby **RECOMMENDS** that Petitioner's motion for

25   stay and abeyance be **DENIED**.  This Report and Recommendation will be submitted to the United

26   States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1) (1988).

27   Any written objections to this Report and Recommendation must be filed with the Court and a copy

28   served on all parties on or before **May 18, 2009.**  The document should be captioned "Objections to

08cv651

Report and Recommendation." Any reply to the objections shall be served and filed on or before **June 1, 2009**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of this Court's order. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

DATED:  April 17, 2009

_____
Hon. Anthony J. Battaglia
U.S. Magistrate Judge
United States District Court

08cv651