# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY BERNARD BARNO, | CASE NO. 08cv2439 WQH (AJB) |
| Petitioner, | **ORDER** |
| vs. | |
| ROBERT J. HERNANDEZ, Warden, | |
| Respondent. | |

HAYES, Judge:

The matters before the Court are the Motion to Stay (Doc. # 2) filed by Petitioner Rodney Bernard Barno; and the Report and Recommendation (Doc. # 22) filed by Magistrate Judge Anthony J. Battaglia.

**Background**

On December 31, 2008, Petitioner initiated this action by filing the Petition for Writ of Habeas Corpus (Doc. # 1), pursuant to 22 U.S.C. section 2254. The Petition alleges eleven claims for relief. The eighth claim alleges that newly discovered evidence makes a compelling showing of Petitioner's factual innocence. The ninth claim alleges ineffective assistance of counsel on grounds that counsel failed to investigate, to object, and to call witnesses; argued against Petitioner, his client, to the jury; and failed to preserve issues for appeal. The tenth claim alleges prosecutorial misconduct on grounds that the prosecutor used false and perjured testimony. The eleventh claim alleges that the cumulative effect of trial counsel's error violated Petitioner's right to effective assistance of trial counsel.

On December 31, 2008, Petitioner filed the Motion to Stay. Petitioner requests that the Court stay and hold in abeyance the eighth, ninth, tenth and eleventh claims alleged in the Petition on grounds that the claims have not been exhausted in state court. On March 12, 2009, Respondent filed the Opposition to the Motion to Stay (Doc. # 18). Respondent opposes the Motion to Stay on grounds that Petitioner has failed to show good cause for his failure to exhaust the eighth, ninth, tenth and eleventh claims, and that the unexhausted claims lack merit. On March 23, 2009, Petitioner filed the Reply to the Motion to Stay (Doc. # 21).

On April 20, 2009, the Magistrate Judge filed the Report and Recommendation ("R&R") (Doc. # 22) recommending that this Court deny the Motion to Stay. The R&R concluded that Petitioner has failed to establish good cause for his failure to exhaust his claims in state court; that Petitioner has failed to provide sufficient facts for the Court to determine whether his claims are potentially meritorious; and that Petitioner lacked diligence in pursuing his claims. On June 22, 2009, Petitioner filed Objections to the R&R (Doc. # 29). Respondent has not filed a Reply.

**Standard or Review**

The duties of the district court in connection with a Report and Recommendation of a Magistrate Judge are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). When the parties object to a Report and Recommendation, "[a] judge of the [district] court shall make a de novo determination of those portions of the [Report and Recommendation] to which objection is made." 28 U.S.C. § 636(b)(1); *see Thomas v. Arn*, 474 U.S. 140, 149-50 (1985). A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).

**Analysis**

Petitioner asserts that he has established good cause for failing to exhaust the eighth, ninth, tenth and eleventh claims alleged in the Petition for the following reasons: "Lack of education and legal training, including scarcity of relevant legal materials in prison library. Library access is very limited and had difficult time obtaining facts and witnesses while in

custody. Lack of funds to retain investigator or lawyer at this time." *Mot. to Stay,* p. 3. Petitioner also asserts that "the new claims were not addressed on direct appeal because the facts were outside the record on appeal and newly discovered evidence did not surface until after the appeal was final in some cases." *Reply,* p. 1.

The R&R concluded that Petitioner's assertions that he had limited access to the library and that there was a scarcity of relevant legal materials in the library do not establish good cause because "Petitioner has not shown how he had limited access to the library or what specific legal materials he needed that [were] lacking." *R&R,* p. 4. The R&R concluded that the Petitioner's assertions that he had a difficult time obtaining facts and witnesses while in custody and lacked funds to retain an investigator or lawyer do not establish good cause because Petitioner presents no "factual support explaining why or how it was difficult to obtain facts and witnesses and why he needed an investigator or lawyer." *Id.* The R&R concluded that the "factual predicate of the unexhausted claims of ineffective assistance of counsel, his 'newly' discovered evidence of factual innocence and prosecutorial misconduct[,] has been known to the Petitioner since his direct appeal was completed on January 7, 2008." *Id.* at 4-5. The R&R concluded that Petitioner "has not explained why this additional evidence was not available at the time of trial and only discovered near the expiration of the statute of limitations date." *Id.* at 4-5. Based on the foregoing, the R&R concluded that Petitioner failed to establish good cause for his failure to exhaust the eighth, ninth, tenth and eleventh claims in state court.

Petitioner objects to the conclusion by the Magistrate Judge that Petitioner has not established good cause for failing to exhaust his claims. Petitioner contends that he has shown that his new evidence was not discovered until after the conclusion of his direct appeal due to circumstances beyond his control; that he was confused about various filing deadlines; that the prison library was obstructing his access to the court; and that he was denied copies of exhibits necessary to establish the merits of his claims. Based on the foregoing, Petitioner contends that the R&R incorrectly concluded that he has failed to establish good cause for his failure to exhaust the eighth, ninth, tenth and eleventh claims.

A federal court has the discretion to grant a stay and hold a federal habeas corpus petition in abeyance to permit a petitioner to exhaust state court remedies if: (1) the petitioner has "good cause" for his failure to exhaust his claims in state court; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner intentionally engaged in dilatory litigation tactics. *Rhines v. Weber,* 544 U.S. 269, 275-78 (2005).

The unexhausted claims in the Petition allege that newly discovered evidence shows his factual innocence, challenge the effectiveness of Petitioner's trial counsel, and challenge the conduct of the prosecutor. The purported newly discovered evidence relates to events that occurred during Petitioner's trial. Petitioner does not articulate any legally recognizable reason why he was unable to discover this purported new evidence before filing his original petition in state court. The Court finds that the R&R correctly determined that Petitioner "has not explained why this additional information was not available at the time of trial and only discovered near the expiration of the statute of limitations date." *R&R,* p. 5. Petitioner asserts that he has shown good cause for failing to exhaust his eighth, ninth, tenth and eleventh claims based on his confusion about various filing deadlines, difficulties with respect to library access, and denial of exhibits necessary for the merits of his case. Petitioner's lack of legal knowledge and literacy do not establish good cause. *See Hughes v. Idaho State Bd. of Corrections,* 800 F.2d 905, 909 (9th Cir. 1986); *Smith v. Giurbino,* 2008 W.L. 80983 (S.D. Cal. 2008). Petitioner has not shown with any specificity how he had limited access to the library, or what legal materials or exhibits he needed that were lacking. *See Lindquist v. Idaho State bd. of Corrections,* 776 F.2d 851, 858 (9th Cir. 1985). The Court has reviewed Petitioner's Objections and the R&R's conclusion that Petitioner has failed to establish good cause for failing to exhaust his eighth, ninth, tenth and eleventh claims, and concludes that the Magistrate Judge correctly determined that Petitioner has not established good cause. In light of Petitioner's failure to establish good cause, the Court concludes that the R&R correctly determined that the Motion to Stay should be denied on grounds that Petitioner has failed to

meet the requirements set forth in *Rhines,* 544 U.S. 269.[1] The Court adopts the R&R's conclusion the denial of the Motion to Stay is proper on grounds that Petitioner has failed to establish good cause for his failure to exhaust his claims in state court.

## Conclusion

IT IS HEREBY ORDERED that (1) the Report and Recommendation's (Doc. # 22) is **ADOPTED** in its entirety; and (2) the Motion to Stay (Doc. # 2) is **DENIED.**

DATED: August 10, 2009

**WILLIAM Q. HAYES**
United States District Judge

---

[1] Petitioner also objects to the R&R's conclusions that "[t]he Court cannot make a determination on whether the claims have merit or not because his additional evidence [is] referenced in the petition and motion for stay and abeyance through numerous exhibits," but that Petitioner "has failed to attach the exhibits to the petition and the motion for stay and abeyance;" that Petitioner "has failed to demonstrate that he acted diligently;" and that Petitioner will not be barred from returning to this Court because the statute of limitations has not run on his federal petition. *See Objections,* p. 2-3, 7, 9; *R&R,* p. 4-5. Petitioner's failure to establish good cause for failing to exhaust his eight, ninth, tenth and eleventh claims is itself sufficient to deny the Motion to Stay under *Rhines,* 544 U.S. 269. The Court therefore will not address these additional bases for denial of the Motion to Stay.