1                                                                              cal_____

2

3

4

5

6

7

8

9                          UNITED STATES DISTRICT COURT

10                       SOUTHERN DISTRICT OF CALIFORNIA

11

12   RODNEY BERNARD BARNO,            )   Civil No.08cv2439 WQH (AJB)
                                      )
13                  Petitioner,       )
     v.                               )   **ORDER DENYING PETITIONER'S**
14                                    )   **MOTION FOR APPOINTMENT OF**
     ROBERT J.  HERNANDEZ, Warden,    )   **COUNSEL**
15                                    )
                    Respondent.       )   **[Doc. No.  32.]**
16   _____)

17       Petitioner Rodney Bernard Barno, a state prisoner proceeding *pro se,* filed a Petition for Writ of

18   Habeas Corpus pursuant to 28 U.S.C. § 2254.  On August 18, 2009, Petitioner filed a motion for

19   appointment of counsel.

20       The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state

21   prisoners.  *McClesky v. Zant,* 499 U.S. 467, 495 (1991); *Chaney v. Lewis,* 801 F.2d 1191, 1196 (9th Cir.

22   1986); *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986).  However, financially eligible habeas

23   petitioners seeking relief pursuant to 28 U.S.C. § 2254 may obtain representation whenever the court

24   "determines that the interest of justice so require."  18 U.S.C. § 3006A(a)(2)(B); *Terrovona v.*

25   *Kincheloe*, 912 F.2d 1176, 1181 (9th Cir. 1990); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984);

26   *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994).

27       The interests of justice require appointment of counsel when the court conducts an evidentiary

28   hearing on the petition.  *Terrovona*, 912 F.2d at 1177; *Knaubert*, 791 F.2d at 728; *Abdullah v. Norris*, 18

                                        1
                                                                              08cv651

1    F.3d 571, 573 (8th Cir. 1994); Rule 8(c), 28 U.S.C. § 2254. The appointment of counsel is discretionary

2    when no evidentiary hearing is necessary. *Terrovona*, 912 F.2d at 1177; *Knaubert*, 791 F.2d at 728;

3    *Abbdullah*, 18 F.3d at 573. In the Ninth Circuit, "[i]ndigent state prisoners applying for habeas relief are

4    not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed

5    counsel is necessary to prevent due process violations." *Chaney*, 801 F.2d at 1196; *Knaubert*, 791 F.2d

6    at 728-29. A due process violation may occur in the absence of counsel if the issues involved are too

7    complex for the petitioner. In addition, the appointment of counsel may be necessary if the petitioner

8    has such limited education that he or she is incapable of presenting his or her claims. *Hawkins v.*

9    *Bennett*, 423 F.2d 948, 950 (8th Cir. 1970). In making this inquiry, this Court is mindful of the fact that

10    "[t]he procedures employed by the federal courts are highly protective of a *pro se* petitioner's rights.

11    The district court is required to construe a pro se petition more liberally than it would construe a petition

12    drafted by counsel." *Knaubert*, 791 F.2d at 791 (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)

13    (holding *pro se* complaint to less stringent standard) (*per curiam*).

14       Here, Petitioner requests appointment of counsel arguing that the issues in his case are complex.

15    This Court disagrees. The issues presented in this habeas petition are not of sufficient complexity to

16    warrant the appointment of counsel. Based on the motion for temporary restraining order, the reply to

17    the motion for a stay, and two objections to report and recommendations that were before this Court, it

18    appears that Petitioner has a good understanding of the legal issues involved and is able to articulate the

19    legal issues with supporting cases. Furthermore, Petitioner argues that the law library is inadequate

20    based on updated materials, access time, copying legal documents and effective shepardizing. Petitioner

21    presents summary allegations and has failed to identify any specific inadequacies in the prison law

22    library that have affected his ability to pursue the instant habeas petition. Petitioner makes a further

23    contention that prison officials are tampering with confidential legal mail. However, he has not

24    demonstrated that officials have been tampering with his legal mail as it relates to this petition. Under

25    such circumstances, a district court does not abuse its discretion in denying the Petitioner's motion for

26    appointment of counsel. *See LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987).

27    //

28    //

1    At this stage of the proceedings, the Court finds that the interests of justice do not require the appoint-

2    ment of counsel.  Accordingly, the Court DENIES Petitioner's motion for appointment of counsel,

3    without prejudice.

4        IT IS SO ORDERED.

5

6    DATED:  August 25, 2009

7    _____
     Hon. Anthony J. Battaglia
8    U.S. Magistrate Judge
     United States District Court

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28