# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| RODNEY BERNARD BARNO, | CASE NO. 08cv2439 WQH (AJB) |
|---|---|
| Petitioner, | ORDER |
| vs. | |
| ROBERT J. HERNANDEZ, Warden, | |
| Respondent. | |

HAYES, Judge:

The matter before the Court is Petitioner's Motion for Relief From Order (Doc. # 52).

**BACKGROUND**

Petitioner, a state prisoner proceeding pro se, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 (Doc. # 1). Petitioner conceded that four of his claims, claims eight through eleven, have not been exhausted in state court (Doc. # 1 at 6-9). Petitioner filed a motion to stay his federal habeas petition to allow him to exhaust these claims in state court (Doc. # 2), which this Court denied on August 10, 2009 (Doc. # 30). On August 21, 2009, Petitioner filed a motion to withdraw his petition (Doc. # 34). In his motion, Petitioner stated he wished to withdraw his petition because, relying "heavily" on this Court's earlier order (Doc. # 30), he believed that it is certain that he will be able to return to federal court after exhausting his remedies in state court (Doc. # 34 at 2-3). Petitioner also states "if the State Supreme Court denies relief while this motion is pending, it shall be vacated sua sponte or by motion from

1  petitioner, thereby allowing petitioner to amend and move on." (Doc. # 34 at 2).

2  On August 24, 2009, the Magistrate Judge gave Petitioner notice regarding the possible 3 dismissal of his petition for failure to exhaust state remedies as to claims eight through eleven 4 (Doc. # 33). In this notice, Petitioner was warned that the federal statute of limitations will not 5 be tolled for the period of time that his case was under consideration by the state court if his 6 state application is dismissed as improperly filed (Doc. # 33 at 3).

7  On September 3, 2009, Petitioner filed a Notice of Dismissal which reiterated that he 8 wishes to have his claim dismissed in order to exhaust his state remedies (Doc. # 37). In that 9 Notice of Dismissal, Petitioner "incorporates by reference a motion filed on 8/20/09 to dismiss," 10 referring to Docket # 34 (Doc. # 37). The Notice of Dismissal reiterates that Petitioner does 11 not want his Petition dismissed if the state court rules before this Court rules on the dismissal: 12 "If dismissal isn't immediate, these latter filings will be deemed moot, so petitioner can amend 13 if the state rules pending the motion to dismiss and notice filed herein." (Doc. # 37.)

14  The Court amended the order denying Petitioner's motion to stay his case on October 15 8, 2009 (Doc. # 40). Petitioner's motion to stay was again denied, but the Court declined to 16 adopt the full Report and Recommendation of the Magistrate Judge (Doc. # 40 at 5). The Court 17 then issued another notice regarding the possible dismissal of his petition for failure to exhaust 18 state remedies as to claims eight through eleven (Doc. # 41).

19  On October 28, 2009, the Court received Petitioner's Motion for Relief from Order (Doc. 20 # 52). The motion was filed *nunc pro tunc* to October 23, 2009 (Doc. # 52). Petitioner's 21 motion moves for "relief from [the] order and notice" which were entered on October 9, 2009 22 (Docs. # 40, 41). Petitioner "asserts this court lacked jurisdiction in entering any orders 23 amending prior orders on the denial of the motion to stay" because his Notice of Dismissal was 24 automatic pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

25  **ORDER**

26  A proper Rule 41(a)(1) notice "'automatically terminates the action upon the filing of 27 the dismissal with the clerk.'" *Swedberg v. Marotzke*, 339 F.3d 1139, 1142 (9th Cir. 2003) 28 (quoting *Hamilton v. Shearson-Lehman American Express, Inc.*, 813 F.2d 1532, 1534-35 (9th

Cir. 1987)). However, "a plaintiff may not attach conditions to the voluntary dismissal." 9 Charles Allan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2363 (2d ed. 1987) (citing *Hyde Constr. Co. v. Koehring Co.,* 388 F.2d 501 (10th Cir. 1968)).

> [A] conditional notice of dismissal is not within the scope of Rule 41(a) (1). The purpose of that rule is to provide a means for terminating an action automatically by filing with the clerk a notice of dismissal. That notice closes the file; no order of the court is needed. If the conditioning of notices of dismissal is allowed, the clerk of the court will be called upon to exercise a duty more than merely ministerial. Instead of simply closing the file of a case once the notice of dismissal is filed, the clerk will have to construe the condition and perhaps even become a fact-finder to determine when the condition is satisfied. This defeats the purpose of Rule 41(a) (1) to provide a quick, automatic means of ending an action.

Hyde Constr. Co., 388 F.2d at 507; *see also Amore v. Accor N. Am., Inc.*, 529 F. Supp. 2d 85, (D.D.C. 2008) ("[P]laintiff's alleged dismissal runs afoul of Rule 41(a)(1)'s requirement that notices of dismissal must be unconditional."). A notice is conditional if it "require[s] more than the Clerk's ministerial act of closing the court file." *Blue Cross & Blue Shield v. Nooney Kromback Co.*, 170 F.R.D. 467, 471 (E.D. Mo. 1997).

The Court concludes that Petitioner's Rule 41(a)(1) Notice of Dismissal is conditional and therefore did not automatically terminate the action upon filing. Petitioner's filings would require the clerk of the court to determine whether the state court had ruled on Petitioner's state habeas before closing the file (Doc. # 34, 37 at 2).

IT IS ORDERED that Petitioner's Motion for Relief from Order (Doc. # 52) is DENIED.

DATED: November 10, 2009

**WILLIAM Q. HAYES**
United States District Judge