UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY B. BARNO,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT J HERNANDEZ, Warden,<br><br>Defendant. | Civil No.   08cv2439-WQH (BGS)<br><br>**ORDER DENYING MOTION TO PREVENT TRANSFER OF CUSTODY**<br><br>**[Doc. No. 74]** |

Petitioner Rodney B. Barno, a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  Currently before the Court is Petitioner's motion to prevent transfer of custody.

Petitioner states that he believes he may be transferred to another prison and seeks an order from the Court prohibiting such a transfer on the grounds that he will be prejudiced if moved to a different institution.  He argues that if transferred he will suffer irreparable injury for the following reasons: 1) another inmate is assisting Petitioner with his case; 2) his right to amend his pleading will be obstructed if he is transferred; 3) he will be without his legal documents for a period of time if he is transferred; and 4) he may not have immediate access to the law library or duplication services when he is transferred. Additionally, Petitioner argues that a transfer of custody will affect the Court's jurisdiction.

First, Petitioner does not have a protected interest "in being held at, or remaining at, a given facility." *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995) (citing *Meachum v. Fano*, 427 U.S. 215 (1976).  Second, if Petitioner is transferred to another institution and that transfer affects his access to

legal documents and law library services, Petitioner may request an extension of time in order for him to have sufficient time to prepare a response to Respondent's answer or motion to dismiss. Additionally, while Petitioner may have the benefit of currently being assisted by a fellow inmate, Petitioner represents himself and does not have a right to the assistance of a particular inmate. Accordingly, sufficient cause does not exist to warrant the Court to intervene and substitute its judgment for that of prison administrators in decisions regarding inmate transfers.

Finally, even if Petitioner's place of confinement changes, the Court may maintain jurisdiction over the action. A writ of habeas corpus acts upon the custodian of the state prisoner. See 28 U.S.C. § 2242; Rule 2(a), 28 U.S.C. foll. § 2254. In order to conform with the requirements of Rule 2(a) of the Rules Governing § 2254 Cases if Petitioner is transferred to another prison or paroled, the Court may substitute the current Secretary of the California Department of Corrections and Rehabilitation as Respondent. *See Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (stating that the respondent in § 2254 proceedings may be the chief officer in charge of state penal institutions).

For the reasons stated above Petitioner's motion is **DENIED**.

IT IS SO ORDERED.

Dated: May 26, 2010

**BERNARD G. SKOMAL**
United States Magistrate Judge