UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY B. BARNO,<br><br>                                    Plaintiff,<br>v.<br>ROBERT J HERNANDEZ, Warden,<br><br>                                  Defendant. | Civil No.   08cv2439-WQH (BGS)<br><br>**ORDER: (1) GRANTING MOTION FOR RECONSIDERATION OF ORDER REJECTING DOCUMENT; (2) DENYING MOTION FOR LEAVE TO CONDUCT DISCOVERY**<br><br>**[Doc. No. 121]** |

      Petitioner Rodney B. Barno, a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Currently before the Court is Petitioner's motion for reconsideration of this Court's discrepancy order rejecting Petitioner's motion for an order compelling discovery.

      <u>RELEVANT FACTS</u>

      Petitioner attempted to file a motion to compel discovery. (Doc. No. 120.) With his motion, Petitioner affixed interrogatories, requests for production, and requests for admission that he wanted the Court to compel Respondent to answer. Because he did not first request leave to conduct discovery, and fashioned his motion as a motion to compel pursuant to Federal Rule of Civil Procedure 37(a), the Court rejected the document. (Doc. No. 120.) In response, Petitioner filed the instant motion for reconsideration. (Doc. No. 121.) In addition to deciding the motion for reconsideration, the Court will also construe this as a motion for leave to conduct discovery pursuant to Rule 6(a) of the Rules

Governing Section 2254 Cases in the United States District Courts. Petitioner argues that his Petition for Writ of Habeas Corpus sets forth the good cause necessary for the Court to permit discovery and that he needs the discovery in order to establish than he is entitled to an evidentiary hearing on his claims of innocence, ineffective assistance of counsel, and prosecutorial misconduct.

LEGAL STANDARD

In habeas proceedings the petitioner "is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). The availability of any discovery during a habeas proceeding is committed to the sound discretion of the district court." *Campbell v. Blodgett*, 982 F.2d 1356, 1357 (9th Cir. 1993) (citing 28 U.S.C. foll. § 2254 Rule 6 & adv. comm. note (1988)). "Good cause exists 'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief . . . .'" *Smith v. Mahoney*, 611 F.3d 978, 996 (9th Cir. 2010) (citing *Bracy*, 520 U.S. at 928-29). Habeas is an important safeguard whose goal is to correct real and obvious wrongs. It was never menat to be a fishing expedition for habeas petitioners to 'explore their case in search of its existence.'" *Rich v. Calederon*, 187 F.3d 1064, 1067 (9th Cir. 1999) (quoting *Calderon v. U.S.D.C. (Nicholaus)*, 98 F.3d 1102, 1106 (9th Cir. 1996)).

DISCUSSION

Having reviewed Petitioner's claims and the proposed discovery, at this time the Court does not find good cause exists to grant leave to conduct discovery. Here, Petitioner seeks broad discovery of all exculpatory evidence, in the apparent hope of finding evidence in support of his claims. Petitioner, however, has not demonstrated that any of this discovery is necessary for the full development of his claims of innocence, ineffective assistance of counsel, or prosecutorial misconduct. Petitioner's document requests principally seek law enforcement records relating to the underlying criminal investigation, as well as all telephone call records from 2002-2003 for phones used by Petitioner, Chris Barno, Daniell Anaya, and Helen Anaya-Rioux. The requests for admission largely go to issues of witness credibility. And Petitioner's interrogatories contain multiple sub-parts and primarily seek to investigate the facts of the underlying criminal investigation and trial. Thus, it does not appear that the discovery Petitioner seeks will uncover "favorable, material information" tending to support his claims.

1 *Pham v. Terhune*, 400 F.3d 740, 743 (9th Cir. 2005). Petitioner also failed to explain why prior state
2 court proceedings did not adequately develop the information sought and why he is not at fault for the
3 alleged inadequacies of the state court record. Because Petitioner has not demonstrated that the
4 information sought through discovery would result in him being entitled to habeas relief on any of his
5 claims the motion for discovery is **DENIED** without prejudice.

6 CONCLUSION

7 1. The Motion for Reconsideration of the Court's discrepancy order is GRANTED.
8 2. For the reasons stated above, the Motion for Leave to Conduct Discovery is DENIED
9 without prejudice.
10 IT IS SO ORDERED.
11 DATED: May 25, 2011

Hon. Bernard G. Skomal
U.S. Magistrate Judge
United States District Court