

FILED

AUG 3 1 2012

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                              DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY BERNARD BARNO, | CASE NO. 08cv2439 WQH (BGS) |
| Petitioner, | ORDER |
| vs. | |
| ROBERT J. HERNANDEZ, Warden, | |
| Respondent. | |

HAYES, Judge:

The matter before the Court is the Report and Recommendation (ECF No. 143) of the Honorable Magistrate Judge Bernard G. Skomal.

### BACKGROUND

On November 29, 2004, a California Superior Court jury convicted Petitioner of: (1) stalking in violation of Cal. Penal Code § 646.9(a); (2) stalking after service of a restraining order in violation of Cal. Penal Code § 646.9(b); (3) seven counts of making a criminal threat in violation of Cal. Penal Code § 422; (4) vandalism causing damage exceeding $400 in violation of Cal. Penal Code § 594(a)(b)(1); (5) six counts of vandalism causing damage of less than $400, a misdemeanor, in violation of Cal. Penal Code § 594(a)(b)(2)(A); and (6) two counts of making harassing telephone calls, a misdemeanor, in violation of Cal. Penal Code § 653m(a). (Lodgment 17 at Clerk's Transcript ("CT") 255-272; Lodgment 18 at Reporter's Transcript ("RT") 921-925). Petitioner admitted to suffering three prior convictions in juvenile court, including two convictions of assault with a deadly weapon in violation of Cal. Penal

1   Code § 245(a) and one conviction of discharging a firearm in a negligent manner in violation

2   of Cal. Penal Code § 246. (Lodgment 17 at CT 253; Lodgment 18 at RT 928).  On February

3   22, 2005, Petitioner was sentenced to 50 years to life in prison as a result of the three prior

4   strikes. (Lodgment 17 at CT 208; Lodgment 18 at RT 965).

5          Petitioner appealed his conviction to the California Court of Appeal alleging ten claims

6   of error.  On May 17, 2007, the California Court of Appeal affirmed the judgment on all

7   counts.[1] (Lodgment at 7).  Petitioner filed a petition for review to the California Supreme

8   Court. On August 8, 2007, that petition was denied without comment. (Lodgment 9).  On

9   November 1, 2007, Petitioner petitioned the United States Supreme Court for a writ of

10  certiorari. (Lodgment 11). On January 7, 2008, the Court denied the petition. (Lodgment 12).

11         On December 31, 2008, Petitioner filed a Petition for Writ of Habeas Corpus pursuant

12  to 28 U.S.C. § 2254.  (ECF No. 1).  On September 1, 2010, Petitioner filed an Amended

13  Petition for Writ of Habeas Corpus ("Petition"). (ECF No. 99). On December 16, 2011,

14  Respondent filed an Answer. (ECF No. 140).  On January 6, 2012, Petitioner filed a Traverse.

15  (ECF No. 141).

16         On July 6, 2012, the Magistrate Judge issued a Report and Recommendation

17  recommending that the Petition be denied. (ECF No. 143).

18         On July 20, 2012, Petitioner filed objections to the Report and Recommendation.  (ECF

19  No. 144). Petitioner objects to the Magistrate Judge's recommendation to deny claims 1-2 and

20  8-9. Petitioner objects to the Magistrate Judge's findings: (1) regarding claim 1, that there is

21  no clearly established federal law that precludes the use of non-jury juvenile adjudications to

22  enhance a sentence; (2) regarding claim 2, that the jury instruction regarding the uncharged

23  prior acts did not infect the trial to an extent that violated due process; (3) regarding claim 8,

24  that there is no freestanding claim of actual innocence cognizable on habeas review and, in the

25  alternative, that Petitioner's evidence of actual innocence is not credible; and (4) regarding

26  claim 9, that 28 U.S.C. § 2254(d) applies to Petitioner's claim of ineffective assistance of

27

28         [1]The California Court of Appeal did find that the trial court erred when it failed to limit the
instruction pertaining to prior acts involving domestic violence to the felony counts also involving
domestic violence. However, the error was deemed harmless. (Lodgment 7 at 18-19).

1   counsel.

2                              **STANDARD OF REVIEW**

3          The duties of the district court in connection with a magistrate judge's report and

4   recommendation are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C.

5   § 636(b)(1).  The district court must "make a de novo determination of those portions of the

6   report ... to which objection is made," and "may accept, reject, or modify, in whole or in part,

7   the findings or recommendations made by the magistrate."  28 U.S.C. §636(b)(1); *see also*

8   *United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989).  When no objections are filed,

9   the district court need not review the Report and Recommendation de novo.  *See Wang v.*

10  *Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005); *U.S. v. Reyna-Tapia*, 328 F.3d 1114,

11  1121-22 (9th Cir. 2003) (en banc).

12                                 **DISCUSSION**

13         This Court's review of the Petition is governed by the deferential standard of the

14  Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996.  Under this standard, a

15  petition cannot be granted unless the state court decision was "contrary to, or involved an

16  unreasonable application of, clearly established federal law, as determined by the Supreme

17  Court of the United States; or resulted in a decision that was based on an unreasonable

18  determination of the facts in light of the evidence presented in the State court proceeding."  28

19  U.S.C. § 2254(d); *see also Williams v. Taylor*, 529 U.S. 362, 404-05 (2000).

20         Petitioner has not objected to the recommendation of the Magistrate Judge to deny

21  claims 3-7 and 10-11.  This Court has reviewed the record and the Report and

22  Recommendation in their entirety.  The Court finds that the Magistrate Judge correctly

23  concluded that there is no merit to claims 3-7 and 10-11.

24  **I. Claim 1: Juvenile Adjudications**

25         In his objections to the recommendation of the Magistrate Judge, Petitioner contends

26  that there is "direct Supreme Court authority" holding "that where a defendant has been

27  convicted without being afforded [a jury trial], the state may make not subsequently use that

28  conviction for impeachment, sentencing or enhancement." (ECF No. 144 at 2-3) (citing *Loper*

1  *v. Beto*, 405 U.S. 473, 484 (1972); *United States v. Tucker*, 404 U.S. 443 (1972); *Burgett v.*

2  *Texas*, 389 U.S. 109, 115 (1967)). Petitioner contends that "[t]he question is not whether the

3  Supreme Court has decided whether a prior conviction obtained without a jury falls within the

4  'prior conviction' exception ...." *Id.* at 4. Petitioner contends that the question is whether the

5  juvenile adjudication was reliable.

6        In *Burgett,* the Supreme Court held that the state court could not enhance the

7  punishment for a conviction based on a prior conviction which was obtained without providing

8  the defendant with counsel as required by the Sixth Amendment.  In *Lewis v. United States,*

9  445 U.S. 55 (1980), the Supreme Court stated: "[in] *Burgett*, *Tucker*, and *Loper* ... [the

10  Supreme Court] found that the subsequent conviction or sentence violated the Sixth

11  Amendment because it depended upon the reliability of a past uncounseled conviction." *Id.*

12  at 67.  The Supreme Court has not directly addressed whether a nonjury juvenile adjudication

13  may be used for enhancement of a sentence.  However, the Court of Appeals for the Ninth

14  Circuit has held that a nonjury juvenile adjudication may be used for enhancement of a

15  sentence in *John-Charles v. California*, 646 F.3d 1243, 1252-53 (9th Cir. 2011) and *Boyd v.*

16  *Newland*, 467 F.3d 1139, 1152 (9th Cir. 2006).

17        The Magistrate Judge stated:

18        *In Boyd v. Newland*, the Ninth Circuit addressed the claim
          whether a state court's use of juvenile adjudications to enhance a
19        petitioner's sentence under the AEDPA standard of review, violates
          "clearly established" federal law as pronounced by the United States
20        Supreme Court. 467 F.3d 1139, 1152 (9th Cir. 2006), citing 28 U.S.C.
          § 2254(d)(1)), cert. denied, 550 U.S. 933, 127 S. Ct. 2249 (2007). In
21        applying the AEDPA standard of review, the Ninth Circuit observed
          that the California court disagreed with the holding in *Tighe*, and that
22        the Third, Eighth, and Eleventh Circuits have held that the *Apprendi*
          "prior conviction" exception includes nonjury juvenile adjudications
23        that are used to enhance a defendant's sentence. *Boyd*, 467 F.3d at
          1152. The *Boyd* court further stated that *Tighe* did not represent
24        "clearly established federal law 'as determined by the Supreme Court
          of the United States.'" *Id.* The court in *Boyd* held, "we cannot hold that
25        the California courts' use of Petitioner's juvenile adjudication as a
          sentencing enhancement was contrary to, or involved an unreasonable
26        application of, Supreme Court precedent. *Id.* The court therefore denied
          Boyd's request for habeas relief based on the precise claim that Barno
27        asserts here. *Id.*

28        The California Supreme Court has also held that the use of a
          prior juvenile conviction as a strike does not offend *Apprendi* and its

progeny. *See People v. Nguyen*, 46 Cal. 4th 1007, 1021-28 (2009), cert. denied, 130 S. Ct. 2091 (April 19, 2010) (noting that the "overwhelming majority of federal decisions and cases from other states" have held that nonjury juvenile adjudications may be used to enhance later adult sentences, and that the United States Supreme Court "has declined numerous opportunities to decide otherwise").

...

For the reasons explained in *Boyd*, this Court finds that in the absence of Supreme Court authority on this issue, it cannot be said that the California courts' denial was contrary to or an unreasonable application of, clearly established Supreme Court precedent. 28 U.S.C. § 2254(d). Accordingly, no habeas relief is warranted for this claim.

(ECF No. 143 at 14-15).

The Court finds that the Magistrate Judge correctly found that the reasoning in *Boyd* applies to this case. The Court finds that the Magistrate Judge correctly concluded that the California courts' denial of Petitioner's claim that his Sixth Amendment rights were violated by the use of a nonjury juvenile adjudication to enhance his sentence was not contrary to, and did not involve an unreasonable application of, clearly established federal law.

**II. Claim 2: Jury Instruction**

In this case, the trial court admitted evidence of uncharged acts of domestic violence allegedly committed by Petitioner pursuant to Cal. Evid. Code § 1109. The jury was instructed as follows:

Evidence has been introduced for the purpose of showing the defendant engaged in a offense involving domestic violence [on one or more occasions] other than that charged in the case.

"Domestic violence" means abuse committed against an adult or a fully emancipated minor who is a spouse, former spouse, cohabitant, former cohabitant, or person with whom the defendant has had a child or is having or has had a dating or engagement relationship.

"Abuse" means intentionally or recklessly causing or attempting to cause bodily injury, or placing another person in reasonable apprehension or imminent serious bodily injury to himself or herself, or another.

If you find that the defendant committed a prior offense involving domestic violence you may, but are not required to, infer that the defendant had a disposition to commit other offenses involving domestic violence. If you find that the defendant had this disposition, you may, but are not required to, infer that he was likely to commit and did commit the crime or crimes of which he is accused. However, if you find by a preponderance of the evidence that the defendant committed a prior crime or crimes involving domestic violence, that is not sufficient by itself to prove beyond a reasonable doubt that he

committed the charged offenses. If you determine an inference properly drawn from this evidence, this inference is simply on item for you to consider, along with all the other evidence, in determining whether the defendant has been proved guilty beyond a reasonable doubt of the charged crime.

Unless you are otherwise instructed, you must not consider this evidence for any other purpose.

Cal. JIC No. 2.50.02 (ECF No. 143 at 16).

The California Court of Appeal found that there was an error in the instruction because it did not state that consideration of a prior offense involving domestic violence should only apply to current charges involving domestic violence. The California Court of Appeal found that the error did not require reversal, stating:

[A]ny error by the court in using CALJIC No. 2.50.02 without limiting its application to counts 3, 4 and 10 does not require a reversal. First, defense counsel admitted that Barno committed the acts that formed the basis for the other felony charges, but argued that they only amounted to at most misdemeanor conduct. CALJIC No. 2.50.02 did not tell the jury, and the prosecutor in closing argument in no way argued, that the prior domestic violence evidence tended to prove Barno was guilty of felony, as opposed to misdemeanor conduct. Additionally, the prosecutor's argument concerning the prior domestic violence incident involving Jasmin L. consisted of less than two pages of a closing argument that totaled 30 pages. Finally, the evidence overwhelmingly supported the jury's verdict on all charged offenses. Thus, it was not reasonably likely that, but for the court's error in instructing the jury under CALJIC No. 2.50.02, Barno would have received a more favorable result at trial. (*People v. Watson* (1956) 46 Cal.2d 818, 836.)

(ECF No. 143 at 16-17).

In his objections to the Magistrate Judge's recommendation, Petitioner contends that the jury was permitted to consider "inflammatory evidence" of prior instances of domestic violence in determining whether Petitioner was guilty of other criminal charges. (ECF No. 144 at 5). Petitioner contends that the trial court's failure to limit the jury's consideration of the uncharged domestic violence evidence to only the domestic violence charges violated his rights to due process and a fair trial. Petitioner contends that the jury was permitted to rely on prior acts of domestic violence to find that Petitioner was likely to commit unrelated charged offenses. Petitioner contends that the entire trial was infected on the grounds that the prosecutor argued the instruction in his closing argument, the prosecutor advanced a theory that Petitioner had engaged in a pattern of fear and retaliation, and the jury asked for a read

1  back of the testimony regarding the prior acts of domestic violence.

2          A petitioner may obtain federal collateral relief for errors in the jury charge by showing

3  that the disputed instruction by itself so infected the entire trial that the resulting conviction

4  violates due process. *See Estelle v. McGuire*, 502 U.S. 62, 72 (1991).  The instruction must

5  be considered in the context of the instructions as a whole and in connection with the trial

6  record. *Id.*; *United States v. Frady*, 456 U.S. 152, 169 (1982).

7          The Magistrate Judge stated:

8                  Barno has not shown that the instruction infected the trial to the
           extent that he was denied a fair trial under due process standards. First,
9          the instruction permitted, but does not require, the jury to consider
           evidence that Barno committed other offenses. Because the instruction
10         was permissive, the jury was not even required to consider such
           evidence, must less required to make a finding of guilt based upon it.
11         Rather, the jury was free to accept or reject such evidence, and even if
           it accepted such evidence as true, to give it any weight it chose.
12
                   Second, nothing in the instruction lowered the prosecution's
13         burden of proof. The instructions themselves explicitly state that the
           prior act evidence "is not sufficient by itself to prove that [petitioner]
14         is guilty of the charged offense." The jury was also separately
           instructed that it had to be convinced of Barno's guilt beyond a
15         reasonable doubt. The Court must presume that the jurors followed the
           instructions and applied the proper legal standard. *See Richardson v.*
16         *Marsh*, 481 U.S. 200, 206 (1987).

17                 The California Court of Appeal's decision that CALJIC No.
           2.50.02 did not affect the prosecution's burden to prove Barno's guilt
18         beyond a reasonable doubt on counts not involving domestic violence
           was not an incorrect application of Supreme Court law. After an
19         independent review of the record and for the reasons stated above, the
           Court finds that the error did not have a substantial and injurious effect
20         on the jury's verdict. *Calderon v. Coleman*, 525 U.S. 141, 147 (1998)
           (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993). Accordingly,
21         Barno's claim is denied.

22  (ECF No. 143 at 18).

23          The Court finds that the Magistrate Judge correctly stated that the prosecutor was held

24  to the burden of proving Petitioner's guilt beyond a reasonable doubt. The Court finds that the

25  Magistrate Judge correctly concluded that Petitioner was not denied a fair trial under due

26  process standards due to the jury instruction.

27  **III. Claim 8: Actual Innocence**

28          In this case, Petitioner has not alleged a claim of actual innocence to avoid a procedural

1  bar to a separate claim for habeas corpus relief. Rather, petitioner asserts a freestanding claim

2  of actual innocence.

3      In his objections to the Magistrate Judge's recommendation, Petitioner contends that

4  "a freestanding claim of innocence is cognizable ... [in] habeas proceedings." (ECF No. 144

5  at 7). Petitioner contends that an evidentiary hearing is required to determine defendant's

6  actual innocence on the grounds that "[t]he Magistrate Judge appears to have at least implicitly

7  assumed that the truth of the facts were disputed by the parties, and went on to make credibility

8  determinations, all without an evidentiary hearing." *Id.* at 8.

9      **A.    Habeas review of freestanding claim of actual innocence**

10      The function of federal habeas relief is to redress constitutional errors, not to relitigate

11  state criminal cases. *See Herrera v. Collins*, 506 U.S. 390, 401 (1993) ("[T]he existence

12  merely of newly discovered evidence relevant to the innocence of a state prisoner is not a

13  ground for federal habeas corpus relief"). "Habeas jurisprudence makes clear that a claim of

14  actual innocence is not itself a constitutional claim, but instead a gateway through which a

15  habeas petitioner must pass to have his otherwise barred constitutional claim considered on the

16  merits." *Herrera*, 506 U.S. at 404.; *see also Mize v. Hall,* 532 F.3d 1184 (11th Cir. 2008)

17  (finding that a freestanding claim of actual innocence, without an independent claim of a

18  constitutional violation, does not constitute a basis for federal habeas relief).

19      The Magistrate Judge stated:

20          Barno presents a free-standing actual innocence claim. In other
            words, he does not assert actual innocence as a procedural gateway to
21          get past a procedural bar. Instead, he alleges that "newly discovered
            evidence," proves he is actually innocent of the crimes that he was
22          convicted....

23          Because Petitioner has not alleged an independent constitutional
            violation, this is a freestanding claim of actual innocence. The United
24          States Supreme Court has never held that a freestanding claim of actual
            innocence is cognizable on federal habeas review. *Herrera v. Collins*,
25          506 U.S. 390, 400 (1993) ("[T]he existence merely of newly discovered
            evidence relevant to the innocence of a state prisoner is not a ground
26          for federal habeas corpus relief."); *see also House v. Bell*, 547 U.S. 518,
            545–55 (2006) (declining "to answer the question left open in Herrera"
27          of whether "freestanding innocence claims are possible"). Because the
            Supreme Court has never held that a freestanding claim of actual
28          innocence is cognizable on habeas, the state courts' denial of this claim
            could not be contrary to, or an unreasonable application of, clearly

established United States Supreme Court law. *See Richter*, 131 S.Ct. at 786. As a result, Barno's claim fails.

(ECF No. 143 at 30).

The Court finds that the Magistrate Judge correctly found that the reasoning in *Herrera* applies to this case. The Court finds that the Magistrate Judge correctly concluded that the California courts' denial of Petitioner's freestanding actual innocence claim was not contrary to, and did not involve an unreasonable application of, clearly established federal law.

## B. Credibility of Petitioner's evidence of actual innocence

In *Herrera,* the Court assumed "for the sake of argument" that "in a capital case, a truly persuasive demonstration of 'actual innocence' made after trial would render the execution of a defendant unconstitutional, and warrant federal habeas as relief if there were no state avenue open to process such a claim." 506 U.S. at 417. The Court of Appeals for the Ninth Circuit has gone further, and "assume[d] for the sake of argument that such claims are cognizable in federal habeas proceedings in both capital and non-capital cases." *Osborne v. District Attorney's Office for Third Judicial Dist.*, 521 F.3d 1118, 1130-31 (9th Cir. 2008) (*overruled on other grounds by District Attorney's Office for Third Judicial Dist. v. Osborne*, 557 U.S. 52 (2009)). Petitioner must "go beyond demonstrating doubt about his guilt" and meet the "extraordinarily high" burden of "affirmatively prov[ing] that he is probably innocent." *Carriger v. Stewart*, 132 F.3d 463, 476 (9th Cir. 1997) (en banc) (citing *Herrera*, 506 U.S. at 442-44 (Blackmun, J., dissenting)); *see also Jackson v. Calderon*, 211 F.3d 1148, 1165 (9th Cir. 2000).

The Magistrate Judge stated:

> In order to prevail on a claim of actual innocence, Barno's burden is "extraordinarily high" and requires a showing that is "truly persuasive." *Carriger*, 132 F.3d at 476. "[A] habeas petitioner must go beyond demonstrating doubt about his guilt, and must affirmatively prove that he is probably innocent." *Id.* ...
>
> None of this purported "evidence" is the kind of reliable and credible evidence that affirmatively proves Barno's innocence. *See Herrera*, 506 U.S. at 423, (O'Connor, J. concurring) (post-trial affidavits "are to be treated with a fair degree of skepticism"); *Baran v. Hill*, 2010 WL 466153, at *7 (D. Or. Feb.9, 2010) (finding that petitioner's self-serving and unsupported statements were not "new and reliable" evidence sufficient to prove actual innocence); *McArdle v.*

-9-

*Sniff*, 2009 WL 1097324, at *5 (C.D. Cal. Apr.20, 2009) (same); *Porter v. Adams*, 2007 WL 2703195, at *9 (E.D. Cal. Sept.14, 2007) (finding "new" evidence unreliable to support actual innocence claim, where petitioner had "simply provided his own self-serving declaration, corroborated by declarations from his cousin and his cousin's cousin," dated five years after petitioner's conviction).

Even if the factual portions of the declarations do constitute reliable evidence, at best they do no more than cast doubt on Barno's guilt. It is not probable that the admission of these statements at trial would have resulted in his acquittal. Considering the newly discovered evidence in combination with the other evidence presented at trial, Barno has failed to demonstrate that he is probably innocent. *See, e.g., Herrera*, 506 U.S. at 417–18 (affidavits "given over eight years after petitioner's trial[,] . . . must be considered in light of the proof of petitioner's guilt at trial"); *Carriger*, 132 F.3d at 477 ("[T]he [third party] confession by itself falls short of affirmatively proving that [the petitioner] more likely than not is innocent."); *Cress v. Palmer*, 484 F.3d 844, 855 (6th Cir.2007) (holding petitioner failed to satisfy "hypothetical *Herrera* standard" with new evidence, including "a confession from someone who was strongly motivated to confess falsely for ulterior reasons"). As addressed above, there was significant evidence presented at trial such that this "newly discovered evidence" falls short of proving that Barno is more likely than not innocent of the charges.

For all of the above stated reasons, Barno has not shown that the California courts' adjudication of his actual innocence claim was contrary to, or an unreasonable application of clearly established law. Accordingly, Barno is not entitled to federal habeas relief on his actual innocence claim.

(ECF No. 143 at 31-34).

The Court finds that the Magistrate Judge correctly stated that Petitioner had the burden of affirmatively proving that he is probably innocent. The Court finds that the Magistrate Judge correctly concluded that even if the declarations submitted on Petitioner's behalf were reliable, the California courts' denial of Petitioner's actual innocence claim was not contrary to, and did not involve an unreasonable application of, clearly established federal law.

## IV. Claim 9: Ineffective Assistance of Counsel

In his objections to the Magistrate Judge's recommendation, Petitioner contends that 28 U.S.C. § 2254(d) does not apply to the performance prong of the *Strickland* test for ineffective assistance of counsel because the state court did not address performance. Petitioner contends that 28 U.S.C. § 2254(d) does not apply to the prejudice prong of the *Strickland* test "[b]ecause the court ignored facts critical to the resolution of petitioner's claim

1 [which was] ... patently unreasonable." (ECF No. 144 at 11).

2      For ineffective assistance of counsel to provide a basis for habeas relief, Petitioner must

3 demonstrate two things. First, he must show that counsel's performance was deficient.

4 *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "This requires showing that counsel

5 made errors so serious that counsel was not functioning as the 'counsel' guaranteed to the

6 defendant by the Sixth Amendment." *Id*. Second, he must show that counsel's deficient

7 performance prejudiced the defense. *Id*. This requires showing that counsel's errors were so

8 serious that they deprived Petitioner "of a fair trial, a trial whose result is reliable." *Id*. Under

9 federal habeas review, "the pivotal question is whether the state court's application of the

10 *Strickland* standard was unreasonable." *Harrington v. Richter*, __ U.S. __, 131 S.Ct. 770, 785

11 (2011); *see also Williams v. Taylor*, 529 U.S.362, 412 (2000) ("[A]n *unreasonable* application

12 of federal law is different from an *incorrect* application of federal law").

13      The Magistrate Judge stated:

14      The superior court concluded that Barno failed to establish "a
prima facie showing that his trial counsel committed 'error of
15 constitutional magnitude that led to a trial that was so fundamentally
unfair that absent the error no reasonable judge or jury would have
16 convicted the petitioner.' (*In re Clark* (5 Cal.4th 750, 797 (1993).) "
(Lodgment 21 at 15.) The California Court of Appeal also rejected
17 Barno's claim, finding that no prejudice had been established because
Barno had failed to show that, but for counsel's conduct or omissions,
18 Barno would have obtained a more favorable outcome. (Lodgment 14
at2.)
19

20      The state courts applied the appropriate standard of review as
required by *Strickland*, and their decisions were based on a reasonable
21 determination of the facts as presented in the state court proceeding.
Barno has not shown that the California state courts' denial of any of
22 his ineffective assistance of counsel claims was objectively
unreasonable. Nor has Barno established that had trial counsel acted
23 differently, it would have been reasonably likely to produce a different
result.

24      In addition, this Court cannot properly second-guess trial
counsel's tactical choices. *Matylinsky v. Budge*, 577 F.3d 1083, 1092
25 (9th Cir. 2009). Therefore, this Court cannot conclude that the
California courts unreasonably applied federal law or unreasonably
26 determined the facts as presented when rejecting Barno's ineffective
assistance of counsel claim. Because fairminded jurists could agree on
27 the correctness of the state courts' decision, Barno is not entitled to
habeas relief. 28 U.S.C. § 2254(d); *Strickland*, 466 U.S. 687; *Alvarado*,
28 541 U.S. at 664.

1
2
3
4
5
6

> For the same reasons as stated above, Barno's claim in Ground Eleven alleging cumulative error based on trial counsel's multiple alleged errors must be rejected as without merit. (Pet. at 64; Doc. No. 99-2.) *See Ennic v. Neven*, 415 Fed. Appx. 794, 797 (9th Cir. 2011) (rejecting cumulative error contention where petitioner failed to show individual act of ineffective assistance of counsel). Barno has not shown that counsel made one error, let alone more than one error, thus even if clearly established federal law mandated a cumulative-effect analysis of ineffective-assistance of counsel claims, Barno would not be entitled to relief.

7
8

(ECF No. 143 at 38-39).

The Court finds that the Magistrate Judge correctly found that the California state courts

9
10
11

addressed both the performance and prejudice prongs of the *Strickland* test. The Court finds that the Magistrate Judge correctly concluded that the California state courts' denial of Petitioner's ineffective assistance of counsel claims was not contrary to, and did not involve

12

an unreasonable application of, clearly established federal law.

13

**CERTIFICATE OF APPEALABILITY**

14
15
16
17
18

A certificate of appealability must be obtained by a petitioner in order to pursue an appeal from a final order in a Section 2254 habeas corpus proceeding. *See* 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

19
20
21
22
23
24

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). It must appear that reasonable jurists could find the district court's assessment of the petitioner's constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). The Court concludes that jurists of reason could find it debatable whether this Court was correct in denying the Petition. The Court issues a certificate of appealability.

25
26
27
28

- 12 -

08cv2439 WQH (BGS)

1

## CONCLUSION

2      IT IS HEREBY ORDERED that the Report and Recommendation (ECF No. 143) is

3  adopted in its entirety.  The Petition for Writ of Habeas Corpus is DENIED.  The certificate

4  of appealability is GRANTED.

5

6  DATED:    8/30/12

7                                    WILLIAM Q. HAYES
                                    United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

08cv2439 WQH (BGS)